[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 96-1883

ESTANCIAS LA PONDEROSA DEVELOPMENT CORPORATION,
Plaintiff - Appellant,

v.

HILDA SOLTERO-HARRINGTON, ET AL.,
Defendants - Appellees.



Nos. 96-1992
96-1993
96-1994

ESTANCIAS LA PONDEROSA DEVELOPMENT CORPORATION,
Plaintiff - Appellee,

v.

HILDA SOLTERO-HARRINGTON, ET AL.,
Defendants - Appellants.



APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dom nguez, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Selya, Circuit Judge, 

and Saris,* District Judge.  



Luis A. Mel ndez-Albizu, with whom Luis S nchez-Betances and 
 

* Of the District of Massachusetts, sitting by designation.

S nchez-Betances & Sifre were on brief for Estancias La Ponderosa 
Development Corporation.
Jos Luis Novas-Due o for Hilda Soltero-Harrington and 
Rafael Durand-Manzanal.



April 24, 1997


-2-

Per Curiam. Upon due consideration of the appellate Per Curiam. 

briefs, arguments of counsel and record in this case, we affirm

the decision of the district court for the reasons provided in

its thorough and well reasoned opinion. See Estancias La 

Ponderosa Develop. Corp. v. Harrington, 195 B.R. 210 (D. P.R. 

1996). In view of the fact that the result on the merits is in

favor of the appellee, we need not decide the jurisdictional

issues raised by appellee on its cross-appeals. See Hachikian v. 

FDIC, 96 F.3d 502, 506 n.4 (1st Cir. 1996) ("'It is a familiar 

tenet that when an appeal presents a jurisdictional quandary, yet

the merits of the underlying issue, if reached, will in any event

be resolved in favor of the party challenging the court's

jurisdiction, then the court may forsake the jurisdictional

riddle and simply dispose of the appeal on the merits.'" (quoting

United States v. Stoller, 78 F.3d 710, 715 (1st Cir. 1996)); see 

also Institut Pasteur v. Cambridge Biotech Corp., 104 F.3d 489, 

492 (1st Cir. 1997) (applying rule in bankruptcy case).

Affirmed, with costs on appeal awarded to defendants. Affirmed, with costs on appeal awarded to defendants. 

-3-